# EXHIBIT A

219638169

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM          INDEX NO. 708391/2026
NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 03/24/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**QUEENS COUNTY**

|  |  |
|---|---|
| EBONI WILLIAMS, | INDEX NO. |
| PLAINTIFF, | COMPLAINT |
| V. | |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| DEFENDANT. | |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Eboni Williams ("Plaintiff"), an individual consumer, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

## JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of New York. This suit arises directly from Defendant's specific conduct with Plaintiff

## PARTIES

3. Plaintiff is a natural person residing in New York.

4. Plaintiff is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM

NYSCEF DOC. NO. 2

INDEX NO. 708391/2026

RECEIVED NYSCEF: 03/24/2026

5.     Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

6.     Equifax is registered to conduct business as a foreign corporation in the State of New York, where its Registered Agent is Corporation Service Company, 80 State Street, Albany, NY 12207.

7.     Equifax is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

### Plaintiff's Consumer Disclosure

8.     On or about March 23, 2026, Plaintiff requested a copy of her consumer credit disclosure from Equifax.

9.     Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Equifax was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

10.     Equifax furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to Plaintiff.

### Equifax's Disclosure Was Incomplete, Unclear, or Inaccurate:
### Omission of Original Creditors

11.     Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM INDEX NO. 708391/2026
NYSCEF DOC. NO. 2                                            RECEIVED NYSCEF: 03/24/2026

12. The Disclosure reported four accounts in Plaintiff's consumer file categorized as 'Credit Accounts,' as evidenced by Plaintiff's **Exhibit A**, attached hereto.

13. In the Disclosure, Equifax classified accounts labeled as 'Credit Accounts' as those categorized as Revolving, Mortgage, or Installment Accounts, or any other open lines of credit, as set forth in Plaintiff's **Exhibit A**, attached hereto.

14. The accounts appearing in the "Credit Accounts" section were reported by:

- Portfolio Recovery Associates ("**PRA**")

15. PRA is a *Debt Buyer* – a company whose primary purposes are the purchase and collection debts that were originally owed to third parties.

16. PRA does not originate credit lines or loans, and as such cannot be considered an original creditor.

17. However, Equifax disclosed to Plaintiff that PRA was the original creditor of the account, omitting the actual name of the *Original Creditor.*

18. Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

19. By including this notation, Equifax improperly deflected its obligation to provide a complete disclosure under 15 U.S.C. § 1681g(a) to Plaintiff, directing him to seek information from elsewhere.

## Omission of Complete Account Numbers

20. To further complicate Plaintiff's review of her report, Equifax omitted full account numbers for the PRA tradeline.

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM
NYSCEF DOC. NO. 2

INDEX NO. 708391/2026
RECEIVED NYSCEF: 03/24/2026

21. Upon information and belief, PRA reported full account numbers to Equifax, and this information existed in Plaintiff's file when she requested Equifax's disclosure.

22. Notably, Equifax includes full account numbers and original creditor names when it provides credit reports to third parties, which demonstrates its capacity to comply with 15 U.S.C. § 1681g(a).

23. By withholding this information from Plaintiff, Equifax breached its statutory duty. Accurate identification of account numbers and original creditors is critical for a consumer to verify, understand, or dispute entries on their credit file. Without these details, Plaintiff was left to guess and try to piece together which debts were being referenced.

24. Although the Disclosure included a 'Collections' section describing general collection reporting, Equifax failed to accurately identify accounts reported by PRA as collection accounts, instead erroneously categorizing them under the 'Credit Accounts' section, as shown in Plaintiff's Exhibit A, attached hereto.

25. In addition, Equifax failed to display full account numbers for numerous tradelines.

26. Specifically, seven (7) *Revolving* and *Installment Accounts* were reported without full account numbers

27. Upon information and belief, the data furnishers provided complete account numbers to Equifax for the tradelines in question, which were included in Plaintiff's consumer file at the time he requested the Disclosure.

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM          INDEX NO. 708391/2026

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 03/24/2026

28.    Due to widespread systemic problems, Equifax's automated systems omit all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

29.    Equifax's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019)." ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.

30.    The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

31.    The omission of full account numbers in the Disclosure caused Plaintiff significant emotional distress and difficulty in understanding and verifying her consumer file against her personal records.

32.    Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM          INDEX NO. 708391/2026

NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 03/24/2026

clear and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit B**, attached hereto.

33.    Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand their consumer credit disclosure, identify the accounts, and compare those accounts with their own records.

34.    The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Equifax, states that:

"The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports. Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original.) *See Plaintiff's Exhibit C, attached hereto.*

35.    The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

36.    Upon information and belief, PRA, complied with the *Credit Reporting Resource Guide* and reported the names of the true original creditors of its reported accounts.

### Prevalence of Equifax's Account Number Errors

37.    Upon information and belief, Equifax's Disclosure provided to Plaintiff was generated using a templated format designed by Equifax. This template pulls data from internal databases and formats it into a standardized disclosure.

38.    Upon information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM
NYSCEF DOC. NO. 2

INDEX NO. 708391/2026
RECEIVED NYSCEF: 03/24/2026

39. Many consumers receiving their Equifax Disclosures through www.annualcreditreport.com encounter the same issues: missing account numbers and missing original creditor information.

40. Equifax's error has therefore likely affected thousands of consumers.

41. Despite Equifax being aware of these system flaws for years, Equifax has not made any meaningful changes to correct them. *See, e.g., Justin Purdy vs. Equifax Information Services LLC*, Case No. 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

42. Equifax's knowing and repeated conduct warrants an award of punitive damages.

43. Equifax's noncompliance appears to be a deliberate attempt to minimize operational costs and maximize profit, despite the legal requirement under 15 U.S.C. § 1681g(a).

44. Plaintiff has a right to a full and complete disclosure of the contents of her file upon demand and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

45. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

46. Plaintiff has retained legal counsel to represent him in this matter and has assigned her right to recover attorney's fees and costs to her counsel.

## COUNT I

### VIOLATIONS OF THE FCRA

47. The Plaintiff adopts and incorporates paragraphs 1 - 46 as if fully stated herein.

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM    INDEX NO. 708391/2026
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 03/24/2026

48.    Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for her consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in her file at the time of the request.

49.    Equifax knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

50.    Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

51.    Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for her actual damages, plus attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Equifax for:

a.    Actual damages;

b.    Statutory damages;

c.    Punitive damages;

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e.    Such other relief as this Court deems just and proper.

Dated: March 24, 2026                    Respectfully submitted,

                                        /s/    *Randall Steketee*
                                        **Randall Steketee, Esq.**
                                        **Attorney for Plaintiff**
                                        254 W. 31st Street, 6th Floor
                                        New York, NY 10001
                                        Randall@steklawfirm.com

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM

NYSCEF DOC. NO. 2

INDEX NO. 708391/2026

RECEIVED NYSCEF: 03/24/2026

Phone: 917-819-2966

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM

NYSCEF DOC. NO. 2

INDEX NO. 708391/2026

RECEIVED NYSCEF: 03/24/2026

# EXHIBIT A

## Plaintiff's Equifax Disclosure

Confirmation # 6082563700

### PORTFOLIO RECOVERY ASSOC - Closed

Riverside Commerce Center, Norfolk, VA 23502-4962 | (800) 772-1413
Account Number: *6040 | Owner: Individual Account
Loan/Account Type: Debt Buyer Account | Status: -

Date Reported: 03/02/2026 | Balance: $516
Credit Limit: - | High Credit: $516

| | | |
|---|---|---|
| Date Opened: 01/29/2024 | Date of 1st Delinquency: 07/09/2022 | Terms Frequency: - |
| Date of Last Activity: - | Date Major Delinquency 1st Reported: 05/09/2024 | Months Reviewed: 22 |
| Scheduled Payment Amount: - | Amount Past Due: $516 | Deferred Payment Start Date: - |
| Actual Payment Amount: - | Charge Off Amount: - | Balloon Payment Amount: - |
| Date of Last Payment: - | Date Closed: - | Balloon Payment Date: - |
| Term Duration: - | Activity Designator: - | Narrative Code(s): 057 |

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | C | C | - | - | - | - | - | | - | - | - | - |
| 2025 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2024 | - | - | - | N | C | C | C | C | C | C | C | C |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 02/26 | $516 | - | - | - | $516 | $516 | - | 057 |
| 01/26 | $516 | - | - | - | $516 | $516 | - | 057 |
| 12/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 11/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 10/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 09/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 08/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 07/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 06/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 05/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 04/25 | $516 | - | - | - | $516 | $516 | - | 057 |
| 03/25 | $517 | - | - | - | $517 | $517 | - | 057 |
| 02/25 | $517 | - | - | - | $517 | $517 | - | 057 |
| 01/25 | $517 | - | - | - | $517 | $517 | - | 057 |
| 12/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 11/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 10/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 09/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 08/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 07/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 06/24 | $517 | - | - | - | $517 | $517 | - | 057 |
| 05/24 | $517 | - | - | - | $517 | $517 | - | 057 |

| Narrative Code | Narrative Code Description |
|---|---|
| 057 | Collection Account |

Page 10 of 12

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM

NYSCEF DOC. NO. 2

INDEX NO. 708391/2026

RECEIVED NYSCEF: 03/24/2026

# EXHIBIT B

## FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

FILED: QUEENS COUNTY CLERK 03/24/2026 01:38 PM

NYSCEF DOC. NO. 2

INDEX NO. 708391/2026

RECEIVED NYSCEF: 03/24/2026

# EXHIBIT C

## Credit Reporting Resource Guide, Original Credit Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports. Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of K1. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>Note: Encoded information is not acceptable in this field. | 30 | 3-32 | AN |

CREDIT REPORTING RESOURCE GUIDE®                    | 4-35
Copyright 2011 © Consumer Data Industry Association

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** QUEENS
------------------------------------------------------------------------x
EBONI WILLIAMS

                Plaintiff/Petitioner,

     - against -                        Index No.708391/2026

EQUIFAX INFORMATION SERVICES, LLC
                Defendant/Respondent.
------------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) Immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: March 30, 2026

|  |  |
|---|---|
| Randall Steketee, Esq. | 254 W. 31st Street, 6th Floor |
| Name | New York, NY 10001 |
|  | Address |

The Steketee Firm, LLC
Firm Name

917-882-8876
Phone

Randall@steklawfirm.com
E-Mail

To:    Equifax Information Services, LLC

80 State Street

Albany, NY 12207-2543

6/6/18

Index  #                    Page 2  of 2                    EFM-1